CHIEF JUSTICE TURNAGE
delivered the Opinion of the Court.
¶1 The State of Montana appeals from an order of the Seventh Judicial District Court, Wibaux County, dismissing a charge against John Henry Anderson of driving while under the influence of alcohol (DUI), third offense. We reverse.
¶2 The issue is whether the District Court erred in dismissing the DUI charge as violative of the Double Jeopardy Clause.
¶3 John Henry Anderson was arrested on August 17, 1996, and charged with third- offense DUI, violating restrictions imposed on his probationary driver’s license, and driving without liability insurance. He was convicted of DUI injustice court and appealed.
¶4 On appeal in the District Court, Anderson pointed out that the DUI charge had already been considered for purposes of assessing his prospects for rehabilitation at his sentencing on a prior and separate criminal charge of operating a motor vehicle after having been declared a habitual traffic offender. He moved to dismiss the DUI charge on grounds that it violated his right to be free from double jeopardy. The District Court agreed. The State appeals.
Discussion
¶5 Did the District Court err in dismissing the DUI charge as violative of the Double Jeopardy Clause?
¶6 The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution prohibits successive prosecutions or multiple punishment for “the same offence.” In this case, the District Court concluded it would have violated that proscription if it had convicted and sentenced Anderson for DUI after the underlying conduct had been considered in determining his sentence on his prior conviction. This Court’s standard of review of a question of constitutional law such as this one is plenary. State v. Schnittgen (1996), 277 Mont. 291. 295. 922 P.2d 500, 503.
*244 ¶7 The only case law offered by Anderson to support the District Court’s decision is North Carolina v. Pearce (1969), 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656, overruled in part and on other grounds, Alabama v. Smith (1989), 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865. In Pearce, the United States Supreme Court set forth three constitutional protections contained within the double jeopardy guarantee: protection against a separate prosecution for the same offense after acquittal, protection against a second prosecution for the same offense after conviction, and protection against multiple punishments for the same offense.
¶8 Citing Pearce, Anderson argues that he would suffer multiple punishments for the same offense if he were convicted of DUI after that charge had been considered for purposes of increasing his punishment in sentencing on the prior offense. However, the facts of Pearce, and consequently the issue before the court in that case, were dissimilar to the facts of the present case. The issue in Pearce was whether a criminal defendant whose conviction had been set aside was entitled to Constitutional protection against imposition of a harsher sentence after another conviction upon retrial. The Court held that neither the double jeopardy provision nor the Equal Protection Clause imposed an absolute bar to a more severe sentence upon reconviction; provided, however, that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. Pearce, 395 U.S. at 723-25, 89 S.Ct. at 2079-80, 23 L.Ed.2d at 668-69.
¶9 The argument raised here by Anderson has been rej ected by the United States Supreme Court, in Witte v. United States (1995), 515 U.S. 389, 115 S.Ct. 2199, 132 L.Ed.2d 351. Witte was convicted of two separate charges in federal court — a marijuana charge and a cocaine charge. His conduct giving rise to the cocaine charge was taken into account during his sentencing for the marijuana conviction. He argued in the case on the cocaine charge that he effectively had been “punished” for that conduct during the proceedings on the marijuana charge, and that as a result, the Double Jeopardy Clause barred his subsequent prosecution on the cocaine charge.
¶10 The Supreme Court did not agree with that argument. As to the consideration of uncharged conduct in sentencing in a criminal proceeding, the Court reaffirmed its precedent establishing “that a defendant in that situation is punished, for double jeopardy purposes, only for the offense of which the defendant is convicted.” Witte, 515 *245 U.S. at 397, 115 S.Ct. at 2205, 132 L.Ed.2d at 362. “[Cjonsideration of information about the defendant’s character and conduct at sentencing does not result in ‘punishment’ for any offense other than the one of which the defendant was convicted.” Witte, 515 U.S. at 401, 115 S.Ct. at 2207, 132 L.Ed.2d at 365.
¶11 Both before and after Witte, at least four state courts have also rejected claims similar to Anderson’s. In State v. Heinz (N.H. 1979), 407 A.2d 814, Heinz, who had previously pled guilty in federal court to embezzlement, raised a double jeopardy challenge to state court charges against him of theft by misapplication. Heinz pointed out that in sentencing him, the federal court had considered his acts later charged as theft by misapplication in state court. In rejecting Heinz’s double jeopardy argument, the court noted:
The defendant apparently feels that he has already been punished for the entire scheme because the federal court considered the additional allegations in sentencing him.... In federal practice, the sentencing judge may take into account the circumstances surrounding the offense charged, including indications of criminal conduct for which the defendant has not been tried or convicted.... That action does not, however, mean that the conduct can never be the basis for subsequent prosecution[.]
Heinz, 407 A.2d at 818.
¶ 12 The Appellate Court of Illinois, Fourth District, in determining that a trial court may properly sentence a person for criminal conduct after having considered such conduct as an aggravating factor in a prior sentencing hearing on unrelated charges, wrote:
[I]n order to select an appropriate sentence, it is essential that a sentencing court be in possession of the fullest possible information concerning a defendant’s life and characteristics....
... [T]he defendant ... was being punished for the offense for which he was charged, and ... consideration of the other offense in determining that punishment did not amount to punishing the defendant for the other offense. This would be so regardless of whether evidence of the other offense was the sole reason for aggravating a sentence or only one of several reasons for doing so.
People v. Bankhead (Ill. App. Ct. 1984), 462 N.E.2d 899, 900-01.
¶13 The Court of Appeals of Alaska has ruled that neither federal nor state double jeopardy prohibitions bar the state from prosecuting *246 a person for perjury following consideration of the peijury, as it relates to prospects for rehabilitation, in sentencing on the underlying criminal matter. Shannon v. State (Alaska App. 1989), 771 P.2d 459.
¶14 Finally, the Supreme Court of Georgia, relying upon Witte, reached the same conclusion in Nance v. State (Ga. 1996), 471 S.E.2d 216. The Georgia court held that a federal district court’s consideration in sentencing Nance on a robbery charge of Nance’s post-robbery conduct, including a murder, did not bar a subsequent state indictment for the murder under the double jeopardy clauses of either the federal or Georgia constitutions.
¶15 Anderson attempts to distinguish Witte, Heinz, and Nance on grounds that they involved the statutory federal Sentencing Guidelines, whereas his case does not. That is a distinction without a difference. In Witte, in fact, the United States Supreme Court relied upon pre-Sentencing Guideline cases as precedent, and stated:
We are not persuaded by petitioner’s suggestion that the Sentencing Guidelines somehow change the constitutional analysis. A defendant has not been “punished” any more for double jeopardy purposes when relevant conduct is included in the calculation of his offense level under the Guidelines than when a pre-Guidelines court, in its discretion, took similar uncharged conduct into account.
Witte, 515 U.S. at 401, 115 S.Ct. at 2207, 132 L.Ed.2d at 365.
¶16 In the present case, the District Court concluded that the court which sentenced Anderson for the habitual traffic offender offense had “formed an opinion in its mind that [Anderson] was guilty of the [pending DUI offense].” The court stated that Anderson had obviously received increased punishment based upon a charge for which he had not yet been convicted. Anderson points out that a court could consider conduct for which the defendant is later acquitted and increase a sentence on that basis, leaving the defendant with no ability to go back and ask that his original sentence be reduced.
¶17 Even accepting this acquitted conduct theory, however, it does not represent a reason to dismiss the DUI charge in this case. It is, if anything, an argument which should have been raised at the proceedings in which the pending DUI charges were considered in sentencing on the other offense.
¶ 18 Pending criminal charges will clearly be accorded a different, and generally lesser, weight at a sentencing hearing than are prior criminal convictions. See, e.g., State v. Goulet (1996), 277 Mont. 308, *247 311, 921 P.2d 1245, 1246. However, under the argument advanced by Anderson, consideration of any prior convictions at a criminal sentencing would constitute double jeopardy, as well. This would markedly abrogate this country’s longstanding history of taking into consideration at criminal sentencings the defendant’s prior criminal behavior. See Witte, 515 U.S. at 397-98, 115 S.Ct. at 2205, 132 L.Ed.2d at 362-63.
¶19 We hold that the District Court erred, under the controlling authority of Witte, in dismissing the DUI charge against Anderson. This case is remanded for reinstatement of that charge and for further proceedings consistent with this Opinion.
JUSTICES GRAY, NELSON, REGNIER and TRIEWEILER concur.