No. 00-186

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 188

STATE OF MONTANA,

Plaintiff and Respondent,

v.

JOHN HENRY ANDERSON,

Defendant and Appellant.

APPEAL FROM: District Court of the Seventh Judicial District,

In and for the County of Wibaux,

Honorable Richard G. Phillips, Judge Presiding

COUNSEL OF RECORD:

For Appellant:

Jay F. Lansing, Moses Law Firm, Billings, Montana

For Respondent:

Honorable Joseph P. Mazurek, Attorney General; Cregg Coughlin,

Assistant Attorney General, Helena, Montana

Ronald S. Efta, County Attorney, Wibaux, Montana

Submitted on Briefs: December 29, 2001

Decided: September 19, 2001

Filed:

_____

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 John Henry Anderson (Anderson) appeals the Seventh Judicial District Court's denial of his motion to dismiss charges of driving while under the influence of alcohol (DUI). He contends that the District Court's order violates the Montana Constitution's prohibition against double jeopardy under our decision in *State v. Guillaume*, 1999 MT 29, 293 Mont. 224, 975 P.2d 312. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 This is the second appeal to this Court arising out of DUI charges filed against Anderson in August of 1996. In both appeals Anderson alleges that he has been subject to multiple punishments for the same offense.

¶3 The case began when Anderson was convicted of operating a motor vehicle after having been declared a habitual traffic offender (HTO). After his conviction but prior to sentencing, he was arrested and charged with what was then his third DUI. The probation officer in the HTO case advised the District Court of the new DUI charge. He filed an addendum to his original presentence investigation report, in which he changed his previous sentencing recommendation to include supervised probation and a number of related conditions. The new DUI charge and the proposed changes in the sentencing recommendation were also the subject of much discussion during Anderson's sentencing hearing for the HTO charge. The District Court heard testimony about the DUI from both the probation officer and the arresting highway patrolman.

¶4 The probation officer testified that he revised his sentencing recommendation based on his belief that Anderson was probably guilty of the charged-but as yet unprosecuted-DUI offense. The arresting officer described the circumstances of the DUI arrest, indicating that Anderson was visibly intoxicated, verbally abusive and belligerent. When it passed

sentence on the HTO charge, the District Court noted the pending DUI but expressly stated that it did not intend to enhance Anderson's punishment on the basis of that charge. However, it did consider Anderson's conduct during the DUI arrest to be relevant to his prospects for rehabilitation and the State's interest in protecting the public. Ultimately, the court sentenced Anderson to serve twelve months in the county jail with all but 30 days suspended. It also imposed the supervised probation conditions included in the revised sentencing recommendation. It is upon this additional condition that Anderson's claims of double jeopardy rest.

¶5 The next significant event in the case was the prosecution for the DUI charge itself. The case came before the Wibaux County Justice Court, and Anderson was found guilty after a jury trial. He filed a notice of appeal for trial *de novo* in Seventh Judicial District Court.

¶6 In the District Court, Anderson filed a motion to dismiss the DUI charge on grounds of double jeopardy. He argued that by virtue of the additional conditions of probation imposed in his HTO sentence, he had already been punished for the DUI charge. The District Court agreed, granted the motion and dismissed the case. The State appealed, and in a published opinion we reversed, holding that "[c]onsideration of information about the defendant's character and conduct at sentencing does not result in 'punishment' for any offense other than the one of which the defendant was convicted." *State v. Anderson*, 1998 MT 258, ¶ 10, 291 Mont. 242, ¶ 10, 967 P.2d 413, ¶ 10 (quoting *Witte v. United States* (1995), 515 U.S. 389, 401, 115 S.Ct. 2199, 2207, 132 L.Ed.2d 351, 365).

¶7 While Anderson was awaiting trial on the reinstated DUI charge, this Court issued its decision in *State v. Guillaume*, 1999 MT 29, 293 Mont. 224, 975 P.2d 312, in which we held that § 46-18-221, MCA, which requires the district courts to enhance sentences for offenses committed with a weapon, violates the double jeopardy provision of Article II, Section 25 of the Montana Constitution if applied to an underlying offense which requires proof of use of a weapon. On the basis of *Guillaume*, Anderson renewed his motion to dismiss, and the District Court denied it. Anderson then entered a conditional plea of guilty to the DUI.

¶8 Anderson raises the following issues on appeal:

¶9 1. Did the District Court err when it denied Anderson's renewed motion to dismiss?

¶10 2. Did the District Court err in considering one of Anderson's prior DUI convictions in sentencing?

DISCUSSION

¶11 1. Did the District Court err when it denied Anderson's renewed motion to dismiss?

¶12 Anderson claims that the holding of *Guillaume* applies to his case and that he has twice been punished for the DUI: once when he received the revised sentence for the HTO charge and again when he was sentenced for the DUI itself. The State contends that *Guillaume* applies to legislative enactments that enhance sentences for conduct (e.g. use of a weapon) which is already included as an element of the underlying offense (e.g. felony assault). It argues, and we agree, that given that *Guillaume* is distinguishable, the prior decision of this Court in *Anderson* should continue to control this case.

¶13 In *Guillaume*, this Court held that the double jeopardy provision found in Article II, Section 25 of the Montana Constitution affords greater protection against multiple punishment than does the Fifth Amendment to the United States Constitution. *Guillaume*, ¶ 16. We determined that § 46-18-221, MCA, which requires the district courts to enhance sentences for offenses committed with a weapon, violates the double jeopardy provision of Article II, Section 25 of the Montana Constitution when applied to felony convictions where the underlying offense requires proof of use of a weapon as one of its elements. *Guillaume*, ¶ 16.

¶14 Guillaume was charged with felony assault after threatening to kill a person with a hammer. *Guillaume*, ¶ 3. After a jury found him guilty, the district court sentenced him to ten years in prison on the felony assault charge with an additional five years for use of a weapon pursuant to the weapons enhancement statute. *Guillaume*, ¶ 4. However, the conduct which elevated Guillaume's charge from misdemeanor assault to felony assault was his use of a weapon. *Guillaume*, ¶ 18. Therefore, this Court determined that applying a sentencing enhancement to his felony conviction effectively punished him twice for the use of a weapon. *Guillaume*, ¶ 18.

¶15 Our decision in *Guillaume* is distinguishable from the facts of the present case. In *Guillaume*, the Court was dealing specifically with legislative enactments by which additional punishment was mandated for use of a weapon. Our subsequent cases applying *Guillaume* have also been restricted to this narrow scope. *See State v. Smith*, 2000 MT 57,

299 Mont. 6, 997 P.2d 768; *State v. Weitzel*, 2000 MT 86, 299 Mont. 192, 998 P.2d 1154; *State v. Brown*, 1999 MT 31, 293 Mont. 268, 975 P.2d 321; *State v. Roullier*, 1999 MT 37, 293 Mont. 304, 977 P.2d 970; and *State v. Aguilar*, 1999 MT 159, 295 Mont. 133, 983 P.2d 345.

¶16 In this case, the question is whether or not a sentencing court can, when pronouncing sentence, consider behavior for which a defendant is charged but has not yet been convicted. Thus, the principle enunciated in *Guillaume* is not applicable. Even though this Court in *Guillaume* determined that the Montana Constitution's double jeopardy provision affords greater protection than that of the United States Constitution, there is nothing about our holding in *Guillaume* that would alter the outcome of our decision in *Anderson.*

¶17 2. Did the District Court err in considering one of Anderson's prior DUI convictions in sentencing?

¶18 At sentencing, Anderson contended that the most recent DUI conviction should be considered his second rather than his third. He argued that there was no evidence that he had waived his right to counsel for a previous DUI conviction in Miles City, and his conviction was thus constitutionally infirm. The District Court rejected this argument and treated the current DUI conviction as Anderson's third.

¶19 When we review a district court's conclusions of law, the standard of review is plenary and we must determine whether the district court's conclusions of law are correct as a matter of law. We review a district court's findings of fact to determine whether they are clearly erroneous. *State v. Okland* (1997), 283 Mont. 10, 14, 941 P.2d 431, 433.

¶20 In Montana it is well established that the State may not use a constitutionally infirm conviction to support an enhanced punishment. *Okland*, 283 Mont. at 15, 941 P.2d at 434 (citing *Lewis v. State* (1969), 153 Mont. 460, 462-63, 457 P.2d 765, 766). However, prior convictions are presumptively valid, and a defendant who challenges the validity of his prior conviction during a collateral attack has the burden of producing direct evidence of its invalidity. *Okland*, 483 Mont. at 18, 941 P.2d at 436. Once this showing has been made, the burden shifts to the State to show by a preponderance of the evidence that the prior conviction was not entered in violation of the defendant's rights. *Okland*, 483 Mont. at 18, 941 P.2d at 436.

¶21 Anderson claims that he was denied his right to counsel during the Miles City DUI

proceedings. It is important to note that Anderson is not arguing that he should have received court-appointed counsel on the basis of indigency. His reply brief states:

> Mr. Anderson is not contending that he was entitled to appointed counsel as an indigent defendant . . . . Rather, Mr. Anderson contends that he did not knowingly, voluntarily, and intelligently waive counsel, and notwithstanding the absence of such a waiver, that bond was forfeited resulting in an apparent conviction.

The only evidence he presents in support of this claim is a copy of the DUI citation and a disposition form that shows that Anderson entered an initial plea of not guilty on December 27, 1994, that he understood his rights and that he did not waive his right to an attorney. Under a heading marked "Other" there also appears the notation, "Counsel 1-5-95." Finally, the document notes that a bond in the amount of $515 was forfeited on January 31, 1995. Anderson claims that this evidence establishes the irregularity of the second DUI conviction because it "fails to make any notation or indication that Mr. Anderson at any time waived his right to counsel or his right to trial or that Mr. Anderson requested or agreed to the bond forfeiture."

¶22 We cannot accept this argument. Essentially, Anderson is claiming that the *lack* of direct evidence for the *validity* of the Miles City DUI conviction is, itself, *direct evidence* that it was *invalid* and is sufficient to shift the burden of proof to the State. This argument is both illogical and turns the presumption of regularity upon its head. Proof of a fact is not made by presenting no evidence for its converse. Moreover, a defendant attacking the validity of a prior conviction has the burden of rebutting the presumption of regularity with direct evidence of irregularity. The fact that the disposition form fails to show that he waived his right to counsel or to a jury is not direct evidence that Anderson was denied his right to an attorney or denied his right to a trial by jury. Nor is it proof that he was subject to coercion or that his free speech or privacy rights were violated. In sum, it is not proof of anything. It is absence of proof. And it is wholly insufficient to shift the burden of proof to the State. It is Anderson who has the initial burden of showing irregularity. Simply submitting a document that does not prove regularity does not meet this burden.

## CONCLUSION

¶23 We conclude that our holding in *Guillaume* does not apply to the facts of this case. Therefore, the District Court properly relied on our holding in *Anderson* when it denied Anderson's renewed motion to dismiss on the grounds of double jeopardy. Furthermore,

Anderson failed to provide direct proof of the irregularity of his Miles City DUI conviction, and the District Court correctly determined that the current DUI conviction was Anderson's third conviction for that offense. The judgment and order of the District Court are affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY

/S/ TERRY N. TRIEWEILER

/S/ JAMES C. NELSON

/S/ JIM REGNIER