# FILED

October 11 2011

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 11-0025

## IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2011 MT 256

STATE OF MONTANA,

        Plaintiff and Appellee,

  v.

PATRICK CHESTERFIELD,

        Defendant and Appellant.

APPEAL FROM:     District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. ADC-2009-319
Honorable Dorothy McCarter, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

              Nathan J. Hoines, Hoines Law Office, P.C., Great Falls, Montana

        For Appellee:

              Steve Bullock, Montana Attorney General, C. Mark Fowler, Assistant
Attorney General, Helena, Montana

              Leo Gallagher, Lewis and Clark County Attorney, Michael Menahan,
Deputy County Attorney, Helena, Montana

                      Submitted on Briefs:  September 7, 2011

                                  Decided:  October 11, 2011

Filed:

                 _____
                            Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1    Patrick Chesterfield appeals his conviction in the District Court for the First Judicial District, Lewis and Clark County, of driving or being in actual physical control of a motor vehicle while under the influence of alcohol or drugs (DUI), his fourth offense. In doing so, Chesterfield collaterally attacks his three prior DUI convictions. We affirm.

¶2    Chesterfield raises one issue which we have restated as follows: Whether the District Court erred by denying his Motion to Dismiss without holding an evidentiary hearing concerning his claim that his prior DUI convictions were constitutionally infirm.

**Factual and Procedural Background**

¶3    On September 24, 2009, Chesterfield was charged by Information with DUI in violation of § 61-8-401, MCA. Since this was determined to be Chesterfield's fourth such offense, it was charged as a felony.

¶4    Chesterfield filed a Motion to Dismiss on February 5, 2010, claiming that his three prior convictions for DUI were constitutionally infirm because he was denied his right to counsel. These three convictions occurred in 1986, 1989 and 1993, and all three convictions were obtained in the Great Falls Municipal Court. The clerks of the Municipal Court were able to locate some of the records of these three proceedings which Chesterfield appended to his motion.

¶5    Regarding the 1986 DUI, the record indicates that Chesterfield appeared without counsel when he entered his guilty plea. The State attached to its trial court brief in the instant case a copy of the "NOTICE TO APPEAR AND COMPLAINT" issued to

2

Chesterfield at the time of his 1986 arrest and the "FINAL DISPOSITION OF LICENSING AUTHORITY," the document the Municipal Court forwarded to the Driver Improvement Bureau in Helena to notify the State of Chesterfield's DUI conviction. Nothing on the face of either of these documents indicates Chesterfield was either informed of his right to counsel or made a knowing, voluntary and intelligent waiver of his right to counsel.

¶6     Regarding the 1989 DUI, the record indicates that Chesterfield appeared in the Municipal Court on the same day of his arrest and pled guilty. The record does not show whether Chesterfield was represented by counsel. Unfortunately, the Court Minutes are too obscured to determine whether the Judge advised Chesterfield of his right to counsel or whether Chesterfield made a knowing, voluntary and intelligent waiver of his right to counsel by his plea of guilty.

¶7     Finally, regarding the 1993 DUI, the Court Minutes indicate that Chesterfield again pled guilty and that he waived his constitutional rights by doing so. There is, however, no written waiver signed by Chesterfield indicating that he knowingly, voluntarily and intelligently waived his right to counsel.

¶8     In his Motion to Dismiss filed on February 5, 2010, Chesterfield contested the validity of his prior DUI convictions, in particular his 1986 conviction, and asked the court to dismiss the felony DUI charge. He pointed out that the State may not use a constitutionally infirm conviction to support an enhanced punishment such as a felony DUI. Attached to this Motion to Dismiss was Chesterfield's affidavit wherein he stated that he had no independent recollection that he waived his constitutional rights in his

3

prior DUI convictions or that he was advised of the possibility of enhanced punishment for any subsequent DUI convictions. The District Court denied his motion without conducting an evidentiary hearing concluding that Chesterfield had not met his burden to rebut the presumption of regularity.

¶9 Thereafter, Chesterfield moved the court to reconsider its denial of his Motion to Dismiss. He attached to his Motion to Reconsider a supplemental affidavit wherein he stated that after having his recollection refreshed by defense counsel's paralegal, he remembered that he did not have funds to hire counsel in 1986 and 1989 and that he assumed his only option was to plead guilty. He also remembered that he did not have legal representation on the 1993 charge and again he assumed that his only option was to plead guilty. While he now remembers that he was not represented by counsel in his three prior convictions, he cannot recall if he waived his constitutional rights. He also stated that he did not believe that he was ever informed that there could be enhanced penalties for future offenses. The District Court denied Chesterfield's Motion to Reconsider.

¶10 On November 10, 2010, Chesterfield changed his plea to guilty while reserving his right to appeal the court's denial of his Motion to Dismiss. The District Court sentenced Chesterfield to thirteen months with the Department of Corrections (DOC) followed by a three year suspended sentence to the DOC upon conditions. In addition, the court stayed Chesterfield's sentence pending this appeal, but ordered Chesterfield to submit to twice daily breath tests.

4

¶11 Chesterfield now appeals the District Court's judgment along with the court's denial of his Motion to Dismiss.

## Standard of Review

¶12 Whether a prior conviction may be used for sentence enhancement purposes is generally a question of law which we review de novo. *State v. Maine*, 2011 MT 90, ¶ 12, 360 Mont. 182, 255 P.3d 64 (citing *State v. Hansen*, 273 Mont. 321, 323, 903 P.2d 194, 195 (1995); *State v. Weaver*, 2008 MT 86, ¶ 10, 342 Mont. 196, 179 P.3d 534). In determining whether a prior conviction is invalid, however, the court may first need to make findings of fact, based on oral and documentary evidence presented by the parties, regarding the circumstances of that conviction. *Maine*, ¶ 12 (citing *Weaver*, ¶ 9; *State v. Peterson*, 2002 MT 65, ¶¶ 3-5, 309 Mont. 199, 44 P.3d 499). We will not disturb these findings unless they are clearly erroneous. *Maine*, ¶ 12 (citing *Weaver*, ¶ 9; *Peterson*, ¶ 7).

## Discussion

¶13 *Whether the District Court erred by denying Chesterfield's Motion to Dismiss without holding an evidentiary hearing concerning his claim that his prior DUI convictions were constitutionally infirm.*

¶14 Chesterfield contends on appeal that the Municipal Court records along with his affidavits sufficiently set forth that he was not represented by an attorney during any of his prior convictions thereby calling into question the validity of those convictions. Thus, Chesterfield argues that, contrary to the District Court's conclusion, he met his burden to show irregularity in the proceedings and the court should have set an evidentiary hearing.

5

¶15    The State points out that Chesterfield's prior DUI convictions are entitled to a rebuttable presumption of regularity, but neither Chesterfield's inability to recall the details of those convictions, nor the absence of information in the original court records, constituted sufficient evidence to overcome that presumption and shift the burden of proving the validity of those convictions to the State.

¶16    The Sixth Amendment to the United States Constitution and Article II, Section 24 of the Montana Constitution guarantee that the accused shall have the fundamental right to the assistance of counsel in all criminal prosecutions. *State v. Chaussee*, 2011 MT 203, ¶ 4, 361 Mont. 433, ___ P.3d ___ (citing *State v. Howard*, 2002 MT 276, ¶ 11, 312 Mont. 359, 59 P.3d 1075). A defendant without the means to hire an attorney is entitled to legal representation by court-appointed counsel at public expense. *Chaussee*, ¶ 4. A defendant may waive the right to counsel, but, to be valid, any such waiver must be made voluntarily, knowingly, and intelligently. *Chaussee*, ¶ 4 (citing *Howard*, ¶ 12).

¶17    In addition, the Due Process Clause of Article II, Section 17 of the Montana Constitution protects a defendant from being sentenced based upon misinformation. *Chaussee*, ¶ 9 (citing *State v. Phillips*, 2007 MT 117, ¶ 17, 337 Mont. 248, 159 P.3d 1078). Because a constitutionally infirm prior conviction used for enhancement purposes constitutes misinformation of constitutional magnitude, it is well settled in Montana that the State may not use a constitutionally infirm conviction to support an enhanced punishment. *Chaussee*, ¶ 9 (citing *United States v. Tucker*, 404 U.S. 443, 447, 92 S. Ct. 589, 592 (1972); *State v. Okland*, 283 Mont. 10, 18, 941 P.2d 431, 436 (1997); *Lewis v. State*, 153 Mont. 460, 463, 457 P.2d 765, 766 (1969)).

6

¶18    Four days after Chesterfield filed his initial brief on appeal in the case *sub judice*, this Court handed down its decision in *State v. Maine*, 2011 MT 90, 360 Mont. 182, 255 P.3d 64, wherein we analyzed the procedural framework set forth in *Okland*, and numerous other cases, for determining whether a prior conviction may be used to enhance punishment on a current charge.  We acknowledged in *Maine* that the State has an interest in deterring habitual offenders as well as an interest in the finality of convictions, which are difficult to defend against collateral attacks many years after the fact.  *Maine*, ¶ 29.  Thus, we concluded that the ultimate burden of proof—which includes both the burden of production and the burden of persuasion—is on the defendant as the moving party.  *Maine* ¶ 34 (citing *Okland*, 283 Mont. at 18, 941 P.2d at 436).  Consequently, we set forth the following framework for evaluating collateral challenges to prior convictions:  (1) a rebuttable presumption of regularity attaches to the prior conviction, and we will presume that the convicting court complied with the law in all respects; (2) the defendant has the initial burden to demonstrate that the prior conviction is constitutionally infirm; and (3) once the defendant has done so, the State has the burden to rebut the defendant's evidence.  *Maine*, ¶ 33.

¶19    In addition, we stated in *Maine* that to meet his or her burden of proof,

> the defendant may not simply point to an ambiguous or silent record, but must come forward with affirmative evidence establishing that the prior conviction was obtained in violation of the Constitution.  Self-serving statements by the defendant that his or her conviction is infirm are insufficient to overcome the presumption of regularity and bar the use of the conviction for enhancement.

7

*Maine*, ¶ 34. We also pointed out that when a prior conviction offered for enhancement purposes is challenged, the difficulties in evaluating the defendant's claim are the result, not necessarily of the particular constitutional theory raised, but rather of the adequacy of the record. *Maine*, ¶ 32.

¶20 Three months after we handed down our decision in *Maine*, we refined the framework for evaluating collateral challenges to prior convictions offered for sentence enhancement purposes. In *State v. Chaussee,* 2011 MT 203, ¶ 13, 361 Mont. 433, ___ P.3d ___, we set forth that refined framework as: (1) a rebuttable presumption of regularity attaches to the prior conviction, and we presume that the convicting court complied with the law in all respects; (2) the defendant has the burden to overcome the presumption of regularity by producing affirmative evidence and persuading the court, by a preponderance of the evidence, that the prior conviction is constitutionally infirm; and (3) once the defendant has done so, the State has the burden to rebut the defendant's evidence.

¶21 In addition, we defined our use of the phrase "affirmative evidence" to include both direct evidence and circumstantial evidence, and we stated that

> [a]ffirmative evidence is evidence which demonstrates that certain facts actually exist or, in the context of a collateral challenge, that certain facts *actually existed* at some point in the past—for example, that the trial court actually did not advise the accused of her right to counsel, or that an indigent defendant actually requested the appointment of counsel but counsel was actually refused. An affidavit from the defendant, a witness, or court personnel attesting this sort of affirmative evidence will figure more persuasively in the calculus of whether the rebuttable presumption of regularity has been overcome than will, for example, references to unclear court minutes, judge's notes, or preprinted forms.

*Chaussee*, ¶ 18 (emphasis in original).

¶22 In the instant case, the record of Chesterfield's 1986 DUI conviction indicates that Chesterfield appeared without counsel when he entered his guilty plea. However, nothing in that record indicates whether Chesterfield was informed of his right to counsel or made a knowing, voluntary and intelligent waiver of his right to counsel.

¶23 The record in Chesterfield's 1989 DUI conviction indicates that Chesterfield appeared in the Municipal Court on the same day of his arrest and pled guilty. The record does not show whether Chesterfield was represented by counsel. Unfortunately, the Court Minutes are too obscured to determine whether the judge advised Chesterfield of his right to counsel or whether Chesterfield made a knowing, voluntary and intelligent waiver of his right to counsel by his plea of guilty.

¶24 The record in Chesterfield's 1993 DUI conviction indicates that Chesterfield pled guilty and that he waived his constitutional rights by doing so. There is, however, no written waiver signed by Chesterfield indicating that he knowingly, voluntarily and intelligently waived his right to counsel.

¶25 We made it clear in *Maine* that a defendant cannot meet his burden of proof by simply pointing to an ambiguous or silent record. *Maine*, ¶ 34. Moreover, in *State v. Anderson*, 2001 MT 188, ¶ 22, 306 Mont. 243, 32 P.3d 750, we stated that the fact that the record failed to show that the defendant waived his right to counsel was not evidence that the defendant was denied his right to an attorney. "In sum, it is not proof of anything. It is absence of proof. And it is wholly insufficient to shift the burden of proof to the State." *Anderson*, ¶ 22.

9

¶26 Based on all of the foregoing, we conclude that none of the records Chesterfield presented for his prior DUI convictions provided affirmative evidence that any or all of those convictions were constitutionally infirm. *See Chaussee*, ¶ 25 ("the lack of evidence showing that the prior conviction is valid is not proof, by affirmative evidence, that the conviction is invalid"); *Anderson*, ¶ 22 ("Proof of a fact is not made by presenting no evidence for its converse.").

¶27 Likewise, Chesterfield's affidavits are also not affirmative evidence that his prior convictions were constitutionally infirm. In his first affidavit, Chesterfield stated that he had no independent recollection that he waived his constitutional rights in his prior DUI convictions or that he was advised of the possibility of enhanced punishment for any subsequent DUI convictions. In his supplemental affidavit, he stated that his recollection had been refreshed and that he now remembered that he was not represented by counsel in his three prior DUI convictions, but he still could not recall if he waived his constitutional rights. As we stated in *Maine*, "[s]elf-serving statements by the defendant that his or her conviction is infirm are insufficient to overcome the presumption of regularity and bar the use of the conviction for enhancement." *Maine*, ¶ 34. Chesterfield's evidence was insufficient to shift the burden to the State.

¶28 Chesterfield also contended that the District Court should have held an evidentiary hearing on his Motion to Dismiss. We concluded in *Chaussee* that the decision to grant a hearing on a motion challenging the validity of a prior conviction offered for sentence enhancement purposes is within the sound discretion of the trial court. And, before a defendant may be entitled to such a hearing, he must make a prima facie showing that the

10

challenged conviction is invalid. *Chaussee*, ¶ 26. Chesterfield has not made such a showing here.

¶29 Finally, Chesterfield claims that the remoteness of his prior DUI convictions should be taken into consideration as they occurred 24, 21 and 17 years prior to the instant offense. However, the Legislature has made it clear that remoteness is not a consideration when reviewing a fourth DUI offense. *See* § 61-8-734(1)(b), MCA ("An offender is considered to have been previously convicted for the purposes of sentencing if less than 5 years have elapsed between the commission of the present offense and a previous conviction, *unless the offense is the offender's fourth or subsequent offense*, in which case *all* previous convictions must be used for sentencing." (emphasis added)).

¶30 Chesterfield failed in his burdens of production and persuasion to demonstrate that his three prior DUI convictions were constitutionally infirm. Accordingly, we hold that the District Court did not err by denying Chesterfield's Motion to Dismiss.

¶31 Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS

11

Justice Jim Rice, concurring.

¶32    I concur with the Court's holding and with its analysis insofar as it is applied to collateral attacks of prior convictions based upon a violation of the right to counsel. *See State v. Maine*, 2011 MT 90, ¶ 59, 360 Mont. 182, 255 P.3d 64 (Rice, J., concurring in part and dissenting in part).


                                    /S/ JIM RICE