FILED

10/31/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0403

DA 16-0403

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 259

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

DAVID DERELL RASMUSSEN,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC 2015-237
Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Chad Wright, Chief Appellate Defender, Koan Mercer, Assistant
Appellate Defender, Helena, Montana

      For Appellee:

            Timothy C. Fox, Montana Attorney General, Jonathan M. Krauss,
Assistant Attorney General, Helena, Montana

            Kirsten H. Pabst, Missoula County Attorney, Karla Painter, Deputy
County Attorney, Missoula, Montana

Submitted on Briefs:  August 30, 2017

Decided:  October 31, 2017

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 David Rasmussen was arrested in Missoula for driving under the influence of alcohol (DUI). The State charged him with felony DUI because Rasmussen had four prior DUI convictions. Rasmussen moved to dismiss, arguing that two of his prior convictions were obtained in violation of his constitutional right to counsel. The District Court held a hearing on the motion at which Rasmussen testified as the only witness. After the hearing, the court denied Rasmussen's motion to dismiss on the ground that he had not met his burden of rebutting the presumption of regularity that attached to the prior convictions. Rasmussen appeals that ruling. We affirm.

## PROCEDURAL AND FACTUAL BACKGROUND

¶2 Rasmussen was arrested in April 2015 and charged with felony DUI under § 61-8-401(1)(a), MCA. The State based its felony enhancement on the fact that Rasmussen had four prior qualifying DUI convictions: on March 4, 1996, March 25, 1996, August 9, 2001, and April 3, 2008.

¶3 Rasmussen moved to dismiss the charge. He asserted that the State had obtained the two March 1996 convictions in violation of his constitutional right to counsel and that these convictions could not be used for felony DUI enhancement purposes. Rasmussen submitted an affidavit with his motion to dismiss. As to the proceedings for the March 4, 1996 conviction, Rasmussen asserted that "he did not have an attorney and that he did not sign a waiver of his right to an attorney and he did not understand that he had a right to an attorney." As to the March 25, 1996 proceedings, Rasmussen's affidavit stated that "he did not have an attorney and did not sign any document waiving his right to an attorney."

2

¶4     The District Court held a hearing in September 2015 on Rasmussen's motion to dismiss. The parties agreed that there were no records in existence of Rasmussen's 1996 DUI proceedings, other than an e-mail from the Missoula Justice Court clerk advising that that court's file on Rasmussen's March 4, 1996 conviction had been shredded and including some coding notes from the court's "old system." Rasmussen was the only witness at the hearing. His testimony on direct examination essentially repeated his statements in the affidavit. As to the March 4, 1996 proceedings, he testified that he did not have an attorney, that he did not sign a waiver of his right to an attorney, and that he did not understand that he had a right to an attorney. With regard to the March 25, 1996 proceedings, he testified that he did not have an attorney and did not sign a waiver of his right to an attorney.

¶5     At the conclusion of Rasmussen's direct examination, the State argued that Rasmussen had failed to meet his burden to rebut the presumption of regularity in the 1996 convictions. The District Court asked for cross-examination, noting that it was "reserving [its] decision" on whether Rasmussen had satisfied his burden until a more complete record could be developed.

¶6     On cross-examination, Rasmussen testified that he knew at the time he executed his affidavit that no court records existed for the 1996 convictions that could contradict his affidavit. Rasmussen confirmed that his attorney had secured court records for the August 2001 conviction, that the records showed that Rasmussen was represented by counsel in those proceedings, that the 2001 case was the first time he "ever did need an attorney," and that he was not challenging the validity of that conviction. Rasmussen

3

acknowledged that challenging a prior DUI conviction had "worked for [him] in the past" in a separate case. He agreed that he was previously convicted of multiple jailable, traffic-related offenses prior to 1996 and that he was arrested for DUI in 1983. Rasmussen testified that he remembered the judge, he remembered "not signing any waiver" of his right to counsel, and he remembered that he did not have an attorney in the 1996 proceedings.

¶7 The prosecutor asked specifically, "Do you agree with me that that's a pretty specific memory, right, that you were never advised of the right to an attorney? That's pretty specific." Rasmussen replied, "I -- well, I was never asked to sign anything for an attorney." The prosecutor asked Rasmussen for other details about the 1996 proceedings. Rasmussen stated what he recalled about the presiding judges and then responded, "This has been 20-some years ago." When the prosecutor remarked to Rasmussen that it was "curious" that he remembered specifically that he did not sign a waiver of his right to counsel but that he could "not remember anything else" from the proceedings, Rasmussen responded, "I do remember not signing anything." The prosecutor again asked, "As to your 1996 justice court conviction, in your affidavit, you assert that you were never advised of your right to an attorney; is that right?" Rasmussen responded, "Correct." She continued, "You never signed any waiver of your right to an attorney." Rasmussen again replied, "Correct." Rasmussen confirmed his assertion that, despite having eight prior jailable offenses before 1996, he never knew that he had the right to counsel.

4

¶8    The day after the hearing, the District Court denied Rasmussen's motion to dismiss. In a brief, written order denying the motion, the court summarized Rasmussen's and the State's arguments. The court then stated that, "[b]ased on the contents of [Rasmussen's] Affidavit and his own testimony during the hearing," Rasmussen had not met his burden to rebut the presumption of regularity in his 1996 convictions.

¶9    A Missoula County jury subsequently found Rasmussen guilty of DUI. The court imposed a felony DUI sentence of thirteen months in the Department of Corrections' WATCh program, followed by a five-year suspended commitment to the Department. Rasmussen appeals.

## STANDARDS OF REVIEW

¶10    Whether a prior conviction may be used for sentence enhancement is a question of law that we review de novo. *State v. Maine*, 2011 MT 90, ¶ 12, 360 Mont. 182, 255 P.3d 64. However, in determining whether a prior conviction is invalid, a district court may first need to make findings of fact, based on oral and documentary evidence presented by the parties, regarding the circumstances of that conviction. *Maine*, ¶ 12. We will not disturb such findings unless they are clearly erroneous. *Maine*, ¶ 12.

## DISCUSSION

¶11    Rasmussen contends that the District Court erred in denying his motion to dismiss. He argues that the court erred as a matter of law by making a "categorical ruling" that a defendant's "self-serving" testimony is never sufficient to satisfy the defendant's burden to overcome the presumption of validity that attaches to prior convictions. Rasmussen contends that a defendant's testimony is categorically insufficient only if it is both

self-serving and conclusory. His testimony, although self-serving, was not conclusory in his view because it described the facts and circumstances of his 1996 convictions. He asserts that his testimony therefore constituted "affirmative evidence" sufficient to satisfy his burden.

¶12 The Due Process Clause of Article II, Section 17, of the Montana Constitution "protects a defendant from being sentenced based upon misinformation." *State v. Chaussee*, 2011 MT 203, ¶ 9, 361 Mont. 433, 259 P.3d 783 (citing *State v. Phillips*, 2007 MT 117, ¶ 17, 337 Mont. 248, 159 P.3d 1078). "A constitutionally infirm prior conviction used for enhancement purposes constitutes 'misinformation of constitutional magnitude.'" *Chaussee*, ¶ 9 (quoting *United States v. Tucker*, 404 U.S. 443, 447, 92 S. Ct. 589, 592 (1972)). The State therefore "may not use a constitutionally infirm conviction to support an enhanced punishment." *Chaussee*, ¶ 9 (quoting *State v. Okland*, 283 Mont. 10, 15, 941 P.2d 431, 434 (1997)).

¶13 Article II, Section 24, of the Montana Constitution guarantees that in all criminal prosecutions, the accused shall have the right to the assistance of counsel. "The fundamental right to counsel in misdemeanor cases extends only to those cases in which a sentence of imprisonment is actually imposed." *State v. Hass*, 2011 MT 296, ¶ 20, 363 Mont. 8, 265 P.3d 1221 (citing *State v. Walker*, 2008 MT 244, ¶ 17, 344 Mont. 477, 188 P.3d 1069).[1]

---

[1] There is no evidence in the record revealing whether Rasmussen was sentenced to jail for his 1996 DUI convictions. The Presentence Investigation Report indicates the disposition simply as "Convicted per driving history."

¶14 "[A] rebuttable presumption of regularity attaches to [a] prior conviction, and we presume that the convicting court complied with the law in all respects." *State v. Krebs*, 2016 MT 288, ¶ 12, 385 Mont. 328, 384 P.3d 98 (citation and internal quotations omitted). "[T]he defendant has the burden to overcome the presumption of regularity by producing affirmative evidence and persuading the court, by a preponderance of the evidence, that the prior conviction is constitutionally infirm." *Chaussee*, ¶ 13. "Affirmative evidence" is evidence showing "that certain facts actually exist or, in the context of a collateral challenge, that certain facts actually existed at some point in the past—e.g., that an indigent defendant actually requested the appointment of counsel but counsel was actually refused." *Hass*, ¶ 16. "Ambiguous documents, self-serving and conclusory inferences, and forcing the State to prove the validity of the prior conviction, when such validity is already presumed, do not suffice as affirmative evidence for purposes of meeting the defendant's burden." *Hass*, ¶ 16 (citing *Chaussee*, ¶ 18). If the defendant satisfies his burden, the burden shifts to the State to rebut the defendant's evidence. *Chaussee*, ¶ 10. "Nevertheless, the defendant has the ultimate burden of proof to both produce and persuade 'by a preponderance of the evidence that the conviction is invalid.'" *State v. Hancock*, 2016 MT 21, ¶ 12, 382 Mont. 141, 364 P.3d 1258 (quoting *Maine*, ¶ 12).

¶15 We do not agree with Rasmussen's assertion that the District Court "made a categorical ruling" in this case. Rasmussen relies on the following statement from the District Court's order: "[*T*]*he State argues* that the Montana Supreme Court has stated that '[s]elf-serving statements by the defendant that his or her conviction is infirm are

7

insufficient to overcome the presumption of regularity and bar the use of the conviction for enhancement.'" (Quoting *State v. Chesterfield*, 2011 MT 256, ¶ 27, 362 Mont. 243, 262 P.3d 1109) (emphasis added). Contrary to Rasmussen's assertion, this statement is not an expression of the court's rationale for its decision. Rather, it is part of the court's summary of the arguments. The court's order did not adopt the State's reasoning. Instead, following its summary, the court explained:

> During the September 14, 2015, hearing Defendant restated the contents of his Affidavit and the State had the opportunity to cross-examine Defendant regarding his Affidavit's contents. Based on the contents of Defendant's Affidavit and his own testimony during the hearing, this Court has determined that Defendant has not met his burden to overcome the "presumption of regula[rity] by producing affirmative evidence and persuading the Court, by a preponderance of the evidence, that the prior convictions are constitutionally infirm."

(Quoting *Chesterfield*, ¶ 20). The plain language of the order demonstrates that the court based its decision on the evidence before it and not on a categorical rule that a defendant's testimony could never satisfy the burden to rebut the presumption of regularity.

¶16 We are not convinced from the evidence that the court clearly erred in finding that Rasmussen failed to satisfy his burden. Rasmussen testified that he knew prior to executing his affidavit that no court records existed from his 1996 convictions that could contradict his assertions of constitutional violations. His testimony established that he remembered certain details of the 1996 proceedings—namely, that he did not sign a waiver of his right to counsel—but that he could not remember other details of the proceedings. Although Rasmussen asserted that he did not know at the time of his March

8

4, 1996 proceedings that he had a right to an attorney, he acknowledged that he had an extensive criminal history prior to those proceedings that included jailable offenses—for which he may have had a right to counsel. Rasmussen's affidavit and testimony could have led the court reasonably to question his credibility and the probative force of his statements. It was "exclusively within the province" of the District Court to determine Rasmussen's credibility, and "we will not reweigh the evidence or the credibility of witnesses." *State v. Nixon*, 2012 MT 316, ¶ 21, 367 Mont. 495, 291 P.3d 1154.

¶17 Even more, Rasmussen did not specifically allege that he did not waive his right to counsel. Rasmussen asserted only that he did not *sign a waiver* of his right to counsel. In *State v. Anderson*, 2001 MT 188, 306 Mont. 243, 32 P.3d 750, Anderson claimed in part that he had been denied his right to counsel in a prior DUI proceeding. He submitted as evidence a copy of a disposition form that failed "to make any notation or indication that [he] at any time waived his right to counsel." *Anderson*, ¶ 21. We explained,

> The fact that the disposition form fails to show that [Anderson] waived his right to counsel . . . is not direct evidence that Anderson was denied his right to an attorney . . . it is not proof of anything. It is absence of proof. And it is wholly insufficient to shift the burden of proof to the State . . . Simply submitting a document that does not prove regularity does not meet this burden [of showing irregularity].

*Anderson*, ¶ 22. We have explained similarly that "the lack of evidence showing that the prior conviction is valid is not proof, by affirmative evidence, that the conviction is invalid." *Chaussee*, ¶ 25.

¶18 Rasmussen's testimony that he did not sign a waiver of his right to counsel does not show that he did not waive his right to counsel. Although a defendant may waive his

9

right to counsel only if such waiver is made "voluntarily, knowingly, and intelligently," *Chesterfield*, ¶ 16, there is no requirement that a defendant sign a document affirming his waiver of this right. Asserting that he did not sign a waiver of his right to counsel "is not proof of anything. It is absence of proof." *Anderson*, ¶ 22. Rasmussen's testimony that he did not sign a waiver of his right thus does not constitute "affirmative evidence" "that the prior conviction is constitutionally infirm." *Chaussee*, ¶ 13.

¶19 Finally, Rasmussen argues that our holdings in *State v. Howard*, 2002 MT 276, 312 Mont. 359, 59 P.3d 1075, and *State v. Walker*, 2008 MT 244, 344 Mont. 477, 188 P.3d 1069, establish that his "unequivocal" sworn testimony is sufficient to satisfy his burden of rebutting the presumption of regularity in his 1996 convictions. In *Howard*, we held that the defendant's prior conviction was constitutionally infirm in part because the defendant asserted in an affidavit, "I was not advised of my right to court-appointed counsel before I entered my plea of guilty, nor did I waive my right to court-appointed counsel." *Howard*, ¶¶ 4, 18. We held that these statements constituted "direct evidence" sufficient to satisfy the defendant's burden. *Howard*, ¶ 13. In *Walker*, the defendant filed an affidavit stating that she was not advised "that if she could not afford a lawyer, one would be appointed to represent her." *Walker*, ¶ 11. We held that Walker met her burden of showing that her prior convictions were "irregular." *Walker*, ¶ 14.

¶20 Our decision in *Maine* expressly modified the framework of analysis applied in *Howard* and *Walker* by imposing the burden on the defendant to prove by affirmative evidence that the prior conviction was constitutionally infirm. *Maine*, ¶ 34. Unlike the defendants in *Howard* and *Walker*, Rasmussen did not make "unequivocal" statements

10

that he was not advised of his right to counsel or that he did not waive that right. *Howard*, ¶ 13; *Walker*, ¶ 14. Rasmussen asserted only that he was not *aware* of his right to counsel during the March 4, 1996 proceedings and that he did not *sign* a waiver of that right in either of the proceedings. He reiterated on direct examination that, as to the March 4, 1996 proceedings, he did not "understand that [he] had a right to an attorney." Although he answered affirmatively to one of the prosecutor's questions misquoting a statement in his affidavit, his allegations do not amount to "unequivocal" testimony sufficient to overcome the presumption of validity that attached to his prior convictions. *Howard*, ¶ 13; *Walker*, ¶ 14. *Howard* and *Walker* are therefore distinguishable.

¶21 The District Court based its decision on the evidence before it, and that evidence did not show affirmatively that the 1996 convictions violated Rasmussen's constitutional right to counsel. The court's finding that Rasmussen had not satisfied his evidentiary burden to rebut the presumption of regularity in his 1996 convictions was not clearly erroneous. *See Maine*, ¶ 12. Its determination that those convictions could be used for felony enhancement purposes was correct.

**CONCLUSION**

¶22 The District Court's judgment is affirmed.

/S/ BETH BAKER

We Concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ DIRK M. SANDEFUR
/S/ JIM RICE