NO.   93-041

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

STATE OF MONTANA,

     Plaintiff and Appellant,

  -vs.-

GARY J. SCHNEIDERHAN,

     Defendant and Respondent.

FILED

OCT 19 1993

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Thomas McKittrick, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Hon. Joseph P Mazurek, Attorney General, John
Paulson, Assistant, Helena, Montana; Patrick L.
Paul, Cascade County Attorney, Michael L. Fanning,
Deputy, Great Falls, Montana

    For Respondent:

        Susan L. Weber, Great Falls, Montana

Submitted on Briefs:  September 9, 1993

Decided:  October 19, 1993

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

This is an appeal by the State of Montana (State) from an order of the Eighth Judicial District Court, Cascade County, dismissing a felony sexual assault charge against the defendant on the basis of double jeopardy. We reverse and remand with instructions.

We restate the issues on appeal as follows:

1. Did the Justice Court err in denying the State's motion to deny acceptance of a written guilty plea?

2. Did the Justice Court err in failing to rule on the State's praecipe to dismiss prior to sentencing the defendant for misdemeanor domestic abuse?

3. Was the Justice Court divested of jurisdiction upon the filing of an information in District Court for a separate offense arising out of the same transaction?

4. Did the District Court err in holding that misdemeanor domestic abuse is a lesser included offense of felony sexual assault?

We decline to recite the alleged facts in this case, as we are remanding for further proceedings. However, we will discuss the procedural history leading up to this appeal.

Schneiderhan was initially charged in Justice Court with misdemeanor domestic abuse. On September 16, 1991, Schneiderhan made his initial appearance before the Justice Court. Although Schneiderhan indicated a desire to plead guilty, the Justice of the

Peace advised him that he should consult with an attorney prior to entering a plea. Arraignment was then set for October 30, 1991.

On October 24, 1991, Schneiderhan, through his counsel, filed a written plea of guilty to the misdemeanor domestic abuse charge. On October 28, 1991, the State filed an information in District Court charging Schneiderhan with felony sexual assault. That charge arose from the same transaction as the domestic abuse charge. On that same day, the Justice Court set Schneiderhan's sentencing on the domestic abuse charge for November 7, 1991.

on November 5, 1991, the State filed a praecipe to dismiss the domestic abuse charge on the basis that the State had filed a felony charge in District Court. At the same time, the State also filed a motion to deny acceptance of the written guilty plea in the Justice Court. On November 7, 1991, the Justice Court held the sentencing hearing. The State stipulated that the Justice of the Peace could defer ruling on the motion to deny acceptance of the written guilty plea until after the sentencing. The State did not stipulate to a deferral of ruling on the praecipe to dismiss, however.

The Justice of the Peace sentenced Schneiderhan to six months in jail for domestic abuse, all suspended. On December 11, 1991, the Justice of the Peace issued an order denying the State's motion to deny acceptance of the guilty plea. A review of the Justice Court file indicates that the Justice of the Peace never responded to the State's praecipe to dismiss the domestic abuse charge.

In the meantime, on November 5, 1991, Schneiderhan plead not

guilty to the felony sexual assault charge in District Court. On March 4, 1992, Schneiderhan filed a motion to dismiss the felony charge for violation of double jeopardy. Schneiderhan alleged that misdemeanor domestic abuse is a lesser included offense of felony sexual assault and that the conviction in Justice Court precluded the felony action in District court. A hearing on the double jeopardy issue was held on August 17, 1992, and on October 6, 1992, the District Court issued its order dismissing the case, ruling that misdemeanor domestic abuse was a lesser included offense of felony sexual assault and that double jeopardy attached after the November 7, 1991, sentencing in Justice Court. From this order, the State appeals.

Although the State appealed from the District Court order, that order is intricately intertwined with the actions of the Justice Court. The District Court dismissed the felony sexual assault charge on the basis of double jeopardy, which would not have been an issue if the Justice Court had properly dismissed the misdemeanor domestic abuse charge. Therefore, because of the close relationship between the Justice Court and District Court actions, we necessarily must review this case in its entirety. This requires a review of both the procedures leading to the Justice Court domestic abuse conviction and the District Court's subsequent dismissal of the felony sexual assault charge on double jeopardy grounds.

## I - WRITTEN GUILTY PLEA

In the Justice Court action, the State filed a motion to deny

4

the acceptance of the written guilty plea, for the reason that Schneiderhan had not been arraigned as required by § 46-12-201, MCA (arraignment statute), which provides, in pertinent part:

> (1) Arraignment must be conducted in open court and must consist of reading the charge to the defendant or stating to the defendant the substance of the charge and calling on the defendant to plead to the charge. . . .

That statute then goes on to describe certain inquiries which the court is required to make to determine the defendant's identity and whether he or she is under any disability. The statute provides that the defendant's presence in court for arraignment may be satisfied either by his or her physical presence or by means of a two-way electronic audio-visual communication, provided, however, that subsection (5) permits the judge to order the physical presence of the defendant in court at the arraignment.

The last sentence of subsection (5) provides that, "[i]n a felony case, a judge may not accept a plea of guilty from a defendant not physically present in the courtroom." Thus, reading together the various subsections of § 46-12-201, MCA, it is clear that, at the arraignment, the judge must make certain actual communications with the defendant and that, while a judge may accept a guilty plea from the defendant to a misdemeanor while the defendant is physically present in the courtroom or before the court via a two-way electronic audio-visual communication, a guilty plea in a felony case may be accepted only when the defendant is physically present in court.

Similarly, the State argued that the guilty plea itself was defective, as the Justice of the Peace did not comply with § 46-17-

5

203, MCA (justice court plea statute), which provides, in pertinent part:

> Plea of guilty. (1) Before or during trial, a plea of guilty may be accepted when: (a) the defendant enters a plea of guilty in open court: and (b) the court has informed the defendant of the consequences of his plea and of the maximum penalty provided by law which may be imposed upon acceptance of the plea. . . .

Clearly, both the arraignment statute and the justice court plea statute require the defendant to appear in open court (as that concept is more fully developed in the arraignment statute): that there be actual communication between the judge and the defendant: that the judge first make the requisite inquiries of and provide the mandated information to the defendant; and that the plea, then, be accepted as a part of that actual communicative process.

Importantly, there is no provision in either the arraignment statute or the justice court plea statute that allows the judge to accept a guilty plea from a defendant in either a misdemeanor or felony case through the expedient of the defendant or his counsel simply filing a written plea with the court, as was done in this case.

We take this opportunity to express our disapproval of the practice of courts in Montana accepting written pleas in criminal cases from defendants or their counsel in contravention of the code of criminal procedure. The procedural requirements for arraignment and acceptance of pleas are clearly set forth in the statutes and are not to be disregarded. We admonish the courts and counsel not following the referred-to statutes to, henceforth, strictly comply with those statutory mandates.

6

We recognize, however, that the procedural safeguards which underpin the statutory requirements discussed above are for the benefit and protection of criminal defendants. Section 46-1-103, MCA, provides, in pertinent part:

> (3) Any irregularity in a proceeding specified by this title that does not affect the substantial rights of the accused must be disregarded.

Because Schneiderhan was at all times represented by counsel who, herself, was involved in the written plea, and because his substantive rights were not affected, the Justice Court's acceptance of the written guilty plea in this case will be allowed to stand.

## II — PRAECIPE TO DISMISS

At the time the State filed its motion to deny acceptance of the written guilty plea, it also filed a praecipe to dismiss the misdemeanor domestic abuse charge, on the basis that the State was prosecuting Schneiderhan on a more serious charge in District Court. The Justice of the Peace did not rule on the praecipe at the time it was filed on November 5, 1991, but rather proceeded to sentence Schneiderhan on November 7, 1991. We hold that the Justice of the Peace erred in not ruling on the praecipe to dismiss prior to sentencing.

Section 46-13-401, MCA, provides, in pertinent part:

> (1) The court may, either on its own motion or upon the application of the prosecuting attorney and in furtherance of justice, order a complaint, information, or indictment to be dismissed. However, the court may not order a dismissal of a complaint, information, or indictment, charging a felony, unless good cause for dismissal is shown and the reasons for the dismissal are set forth in an order upon the minutes.

7

Thus, dismissal of misdemeanor charges is allowed on the court's own motion or on motion of the prosecutor in the furtherance of justice. Because of the nature of prosecutorial discretion, the State is generally given wide latitude when requesting a dismissal of criminal charges. State ex rel. Fletcher v. District Court (Mont. 1993), ___ P.2d ___, ___ 50 St. Rep. 992, 995.

> In Montana, a county attorney "not only directs under what conditions a criminal action [is] commenced, but from the time it begins until it ends his supervision and control is complete, limited only by such restrictions as the law imposes." . . . It is not only incumbent upon the county attorney to determine when or when not to prosecute a case, but when the facts of a case support a possible charge of more than one crime, the crime to be charged is a matter of prosecutorial discretion.

Fletcher, 50 St. Rep. at 993-94.

Here, the State sought dismissal of the misdemeanor domestic abuse charge in Justice Court in order to pursue the more serious felony sexual assault charge in District Court. While in order to obtain the dismissal of a felony charge under § 46-13-401(1), MCA, the State must show that such dismissal is in the furtherance of justice and for good cause, in moving for dismissal of a misdemeanor charge, the State need only show that the requested dismissal is in the furtherance of justice. Section 46-13-401(1), MCA. Given the State's request that the misdemeanor charge be dismissed because the State was prosecuting Schneiderhan on a more serious charge in District Court, the "furtherance of justice" requirement was met, and the Justice of the Peace was required to rule on the State's praecipe to dismiss at the time it was filed. While Fletcher involved the requested dismissal of felony charges

8

and, thus, required the State to demonstrate that dismissal was in the furtherance of justice and for good cause, the rule set forth in that case is, nevertheless, also applicable here, where the State's only obligation was to demonstrate that the dismissal was in the furtherance of justice. Simply stated, when the State has met the appropriate standard of dismissal, the court may not deny the motion to dismiss. Fletcher, 50 St. Rep. at 995. Accordingly, the Justice of the Peace erred in proceeding to sentence Schneiderhan with the State's praecipe to dismiss outstanding. Under the circumstances, in failing to grant the State's praecipe to dismiss, the Justice Court committed reversible error.

### III - DIVESTITURE OF JUSTICE COURT JURISDICTION

The State also contends that the Justice Court was automatically divested of jurisdiction after the information was filed in the District Court, because the felony charge was based on the same facts which served as the basis for the misdemeanor charge. We find no support for this contention under any Montana statutory authority, and decline to so hold.

Unless the legislature chooses to enact a statute that would accomplish the result proposed by the State, it will continue to be the responsibility of prosecutors, while at all times keeping in mind the statutory and constitutional proscriptions against double jeopardy, to coordinate and manage the filing and dismissal of criminal charges arising out of the same factual basis and which implicate both a court of limited jurisdiction and a district court.

9

## IV - LESSER INCLUDED OFFENSE

In dismissing the felony sexual assault charge, the District Court held that misdemeanor domestic abuse was a lesser included offense of felony sexual assault, and therefore double jeopardy attached at the time Schneiderhan was sentenced in Justice Court.

As we have ruled above, the misdemeanor domestic abuse charge should have been dismissed by the Justice Court. Accordingly, there would not have been a double jeopardy issue facing the District Court had the Justice Court proceeded in accordance with the law.

The result of this opinion will require the dismissal of the misdemeanor domestic abuse charge and the remand for further proceedings in District Court on the felony sexual assault charge. In rendering the double jeopardy issue moot, we, therefore, decline to rule on the lesser included offense issue.

We remand to the Justice Court for entry of an order vacating the domestic abuse conviction and sentence and dismissing that action pursuant to the praecipe filed by the State. Thereafter, we remand the felony sexual assault charge to the District Court for further proceedings consistent with this opinion.

Reversed and remanded with instructions.

_____
Justice

We Concur:

_____
Chief Justice

10

John Conway Harrison

Paula M. Gray

_____

Jim Townsley

William E. Hunter

Justices

October 19, 1993

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Hon. Joseph P. Mazurek, Attorney General
John Paulson, Assistant
Justice Bldg.
Helena, MT 59620

Patrick L. Paul, County Attorney
Michael L. Fanning, Deputy
Cascade County Courthouse
Great Falls, MT 59401

Susan L. Weber
Attorney at Law
P.O. Box 1258
Great Falls, MT 59403

Hon. Thomas McKittrick
8th Judicial District
Cascade County Courthouse, Dept. #1
Great Falls, MT 59401

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
    Deputy