NO. 94-348

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

STATE OF MONTANA,

      Plaintiff and Respondent,

  v.

WILLIAM JOSEPH VOTH, JR.,

      Defendant and Appellant.

APPEAL FROM:   District Court of the Eighteenth Judicial District,
              In and for the County of Gallatin,
              The Honorable Thomas A. Olson, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Karl P. Seel, Attorney at Law,
          Bozeman, Montana

      For Respondent:

          Hon. Joseph P. Mazurek, Attorney General,
          Brenda Nordlund, Assistant Attorney General,
          Helena, Montana

          Mike Salvagni, Gallatin County Attorney,
          Jane Mersen, Deputy County Attorney,
          Bozeman, Montana

**FILED**

Filed: MAR 2 3 1995

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs: January 19, 1995

Decided: March 23, 1995

Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

On November 17, 1993, William Joseph Voth, Jr., was found guilty of, and sentenced, for contempt of court for failing to personally appear at trial in Gallatin County Justice Court on September 29, 1993. Voth petitioned the Eighteenth Judicial District Court, Gallatin County, for a writ of certiorari. The District Court denied the petition and stated that the Justice Court properly held Voth in contempt. Voth appeals. We reverse and remand.

We frame the issue on appeal as follows:

Did the District Court err by concluding that the Justice Court properly held Voth in contempt of court for appearing at trial through counsel rather than in person?

On January 9, 1993, Officers Wade and Slaughter of the Gallatin County Sheriff's Department arrested and cited William Voth, Jr., for driving under the influence of alcohol and/or drugs, a misdemeanor. Following his arrest, Voth posted bond and signed a pre-printed form which provided that he would appear in Justice Court on either January 11 or 13 for arraignment. Voth appeared in Justice Court on January 11, 1993. He signed a waiver of his right "to consult an attorney before entering a plea," filled out an application for court-appointed counsel, which was subsequently denied, and pled not guilty.

On January 11, Voth also signed a pre-printed form entitled "Order for Conditions of Bail/Notice of Hearing/Trial." The pre-printed order consists of four sections. The first section

2

provided spaces for Voth's name, the case number, and the statutory violation.   The second section provided:

### Defendant SHALL NOT

Leave Gallatin County                    Possess  Firearms
_X_  Leave the State of Montana      _X_ Use alcohol or drugs
Contact in ANY WAY unless directed to by the court:

The third section provided:

### Defendant SHALL

_X_ Post Bail $ _551.00 (cont.)_          Be released O/R
_X_ Obey all laws                        _X_ Make all court Appearances
_X_ Notify the court of any change in address/phone#
___ Check into the Detention Center:  Every Day/Week a m:___
___ Other conditions:
      Keep court informed of current address

Remanded to Sheriff in Lieu of: ___ Posting Bail __ Pending Release

The fourth section, labeled "Trial/Pretrial Hearing/Pretrial Hearing," indicated that Voth requested a jury trial, set a trial date for May 26, 1993, set a pretrial hearing date for April 23, 1993,  and designated the name of the presiding Justice of the Peace.   The final line of the pre-printed order preceding Voth's signature provided:

I have read the above and agree to abide by all conditions.  I understand if I do not abide by them or appear for trial my bail/bond will be forfeited and a warrant issued for my arrest.

On or about April 23, 1993, attorney Karl P. Seel filed a notice of appearance as counsel of record on behalf of Voth.  Upon the County Attorney's motion to continue, the Justice Court issued an order on May 6 resetting trial for June 9.  The order stated: " [Y]ou are further notified that if you do not appear, the Court shall take appropriate action and award costs accordingly."  The

order was sent to the County Attorney and to Voth's attorney. On May 14, Voth's attorney moved to continue the June 9 trial. The motion was granted without objection.

Trial in Justice Court was held on September 29, 1993. Voth was not personally present; however, his attorney appeared on his behalf. The minutes of the Justice Court indicate that, because Voth did not personally appear, the Justice of the Peace waived the jury trial. A bench trial took place after which the Justice Court found Voth guilty of second offense DUI and imposed sentence.

Immediately following sentencing, the Justice Court issued a bench warrant for Voth's arrest for contempt on the grounds that Voth "failed to appear at time of trial as ordered." The bench warrant further ordered that, if apprehended, Voth "be admitted to bail in the sum of $750.00" pending arraignment. An officer of the Sheriff's Department arrested Voth on November 6, 1993.

Voth posted $1015 in bail, and the Justice Court set a show cause hearing for November 17. The hearing was held on that date. Both Voth and his attorney were present. After hearing arguments by the parties, the Justice Court found Voth guilty of contempt and sentenced him to serve 24 hours in detention. The Justice Court stayed the sentence pending appeal to the District Court.

Voth filed a petition for writ of certiorari requesting the District Court to review the Justice Court's sentencing order in the contempt proceedings. Hearing was held on the petition on March 1, 1994. The District Court ordered the parties to submit briefs and scheduled oral arguments for April 15, 1994. On May 16,

4

1994, following the April 15 hearing, the District Court filed an order and memorandum denying Voth's petition for writ of certiorari. Voth filed notice of appeal from the District Court's order on June 10, 1994.

Did the District Court err by concluding that the Justice Court properly held Voth in contempt of court for appearing at trial through counsel rather than in person?

The State contends that the Justice Court ordered Voth to personally appear at trial. When Voth did not personally appear, the State asserts that the Justice Court properly issued a bench warrant for his arrest pursuant to § 3-10-401, MCA, which provides in part that a justice of the peace "may punish for contempt persons guilty of the following acts and no o t h e r . disobedience or resistance of a lawful order or process made or issued by the justice . . . ." According to the State, Voth subsequently failed to present any reason for his non-attendance, and the Justice Court properly held him in contempt.

Voth contends that the Justice Court did not order him to personally appear at trial, but instead merely ordered him to make an appearance. According to Voth, he did make an appearance at trial through his attorney of record who was authorized to act on his behalf. Because the Justice Court did not order him to personally appear, Voth asserts that he did not violate the provisions of § 3-10-401, MCA, and therefore, was improperly held in contempt.

Section 46-16-120, MCA, provides:

5

> In all cases in which the defendant is charged with a
> misdemeanor offense, the defendant may appear by counsel
> only, although the court may require the personal
> attendance of the defendant at any time.

This language clearly allows all persons charged with misdemeanor offenses to appear through their attorney only unless the court specifically requires their personal appearance.

Examination of the record on appeal reveals that no order or other statement of the presiding Justice of the Peace exists which required the personal attendance of Voth at trial. The pre-printed "Order for Conditions of Bail/Notice of Hearing/Trial" which Voth signed on January 11, 1993, ordered him to "make all court appearances." Immediately before Voth's signature, the order provided: "I understand if I do not abide by [the conditions listed above1 or appear for trial my bail/bond will be forfeited and a warrant issued for my arrest." On June 9, 1993, the Justice Court issued an order resetting the trial date, and stated "you are further notified that if you do not appear, the Court shall take appropriate action and award costs accordingly."

At the hearing in District Court, the State called the presiding Justice of the Peace to the stand to testify regarding the Voth case. The Justice of the Peace stated:

> [BY THE DEPUTY COUNTY ATTORNEY]
> Q: What did you tell Mr. Voth that morning on January 11th, 1993?
>
> [BY THE JUSTICE OF THE PEACE]
> A: At the time that he appeared, he had entered a not guilty plea to the charge against him and I had imposed conditions of bail. Those conditions of bail included that he not leave the State of Montana, that he not use alcohol or drugs, that he post bail, obey all laws, make

6

all court appearances, keep the court informed of his current address at all times. A pre-trial hearing was set and a jury trial date was set. And he was informed by me that he was required to appear at the trial and at the pre-trial hearing.

While the Justice of Peace specifically ordered Voth to appear, he did not specifically order Voth to personally appear. In proceedings for a misdemeanor offense, unless the court specifically orders the defendant to appear in person, the appearance of the defendant's attorney at trial satisfies § 46-16-120, MCA. We hold that the District Court erred by concluding that the Justice Court properly held the defendant in contempt.

Reversed and remanded to the District Court for proceedings consistent with this opinion.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

7

Justice James C. Nelson dissents as follows:

I respectfully dissent. As a consequence of the hearing on the defendant's petition for writ of certiorari, the District Court, who was in the best position to judge the credibility of the witnesses, found that the Justice Court required, both orally and in writing, the attendance of the defendant at trial; that the defendant offered no explanation for his absence from court at the time of trial; and that, accordingly, the Justice Court acted within its jurisdiction in holding the defendant in contempt for failing to obey a lawful order of the court. Based on the record, the District Judge's determination of the facts and his decision based on those facts is entitled to be upheld.

The Justice of the Peace testified that the defendant signed the order and agreed to appear at trial. Additionally, the Justice of the Peace testified as follows:

(By the Prosecutor):

Q: Just one more question, Your Honor, about the normal practice or the procedure in your justice court. Can you tell us what the normal procedure is in a DUI case, when a person asks for a trial in a DUI case?

\* \* \*

Q: Does the court always require a personal appearance?

A: The court always requires a personal appearance in a DUI case.

\* \* \*

(By Defense Counsel)

Q: Now, at the time in which you arraigned Mr. Voth and you filled out the order of conditions, I think in response to the State's questions you said that's a practice that you do with everyone?

8

A:    With every DUI.

Q.    So you require, regardless of what the statute says about defendants being able to appear by counsel only, you fill out an order that requires them to personally appear?   Is that what you're saying?

A:    Yes, that's the way we have been trained.

From the foregoing testimony and the form order which the defendant signed, acknowledging the necessity that he appear at trial, I conclude that there is substantial evidence in the record to support the District Court's factual determination that the Justice Court ordered the personal appearance of the defendant at trial, and for its legal conclusion that the Justice Court was acting within its jurisdiction in holding the defendant in contempt for failing to appear personally. I would, accordingly, affirm the District Court's denial of the defendant's petition for writ of certiorari.

Finally, I believe that it is also important to emphasize what our opinion does not stand for. While a misdemeanor defendant may, unless his personal appearance is ordered by the court, appear by counsel only, at trial (§§ 46-16-120, MCA, and 46-16-122, MCA,) that does not mean that he may also appear by counsel only, at other proceedings where different statutes require the defendant's actual presence in open court. See, for example, our decision in State v. Schneiderhan (1993), 261 Mont. 161, 862 P.2d 37, wherein we held that §§ 46-12-201, MCA, and 46-17-203, MCA, require the defendant's actual appearance in court for arraignment. Schneiderhan, 862 P.2d at page 39-40.

_____
                              Justice

**Justices** Karla M. **Gray** and **Fred J.** Weber **concur in the foregoing dissent.**

_____
_____
Justices

March 23, 1995

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Karl P. Seel
Attorney at Law
1705 W. College, Ste. A
Bozeman, MT 59715

Hon. Joseph P. Mazurek
Attorney General
Justice Bldg.
Helena, MT 59620

A. Michael Salvagni, County Attorney
Jane Mersen, Deputy
615 S. 16th St.
Bozeman, MT 59715

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy