JUSTICE NELSON
dissents as Mows:
I respectfiilly dissent. As a consequence of the hearing on the defendant’s petition for writ of certiorari, the District Court, who was in the best position to judge the credibility of the witnesses, found that the Justice Court required, both orally and in writing, the attendance of the defendant at trial; that the defendant offered no explanation for his absence from court at the time of trial; and that, accordingly, the Justice Court acted within its jurisdiction in holding the defendant in contempt for failing to obey a lawful order of the court. Based on the record, the District Judge’s determination of the facts and his decision based on those facts is entitled to be upheld.
The Justice of the Peace testified that the defendant signed the order and agreed to appear at trial. Additionally, the Justice of the Peace testified as follows:
*354 (By the Prosecutor):
Q: Just one more question, Your Honor, about the normal practice or the procedure in your justice court. Can you tell us what the normal procedure is in a DUI case, when a person asks for a trial in a DUI case?
Q: Does the court always require a personal appearance?
A: The court always requires a personal appearance in a DUI case.
(By Defense Counsel)
Q: Now, at the time in which you arraigned Mr. Voth and you filled out the order of conditions, I think in response to the State’s questions you said that’s a practice that you do with everyone?
A: With every DUI.
Q. So you require, regardless of what the statute says about defendants being able to appear by counsel only, you fill out an order that requires them to personally appear? Is that what you’re saying?
A: Yes, that’s the way we have been trained.
From the foregoing testimony and the form order which the defendant signed, acknowledging the necessity that he appear at trial, I conclude that there is substantial evidence in the record to support the District Court’s factual determination that the Justice Court ordered the personal appearance of the defendant at trial, and for its legal conclusion that the Justice Court was acting within its jurisdiction in holding the defendant in contempt for failing to appear personally. I would, accordingly, affirm the District Court’s denial of the defendant’s petition for writ of certiorari.
Finally, I believe that it is also important to emphasize what our opinion does not stand for. While a misdemeanor defendant may, unless his personal appearance is ordered by the court, appear by counsel only, at trial (§§ 46-16-120, MCA, and 46-16-122, MCA,) that does not mean that he may also appear by counsel only, at other proceedings where different statutes require the defendant’s actual presence in open court. See, for example, our decision in State v. Schneiderhan (1993), 261 Mont. 161, 862 P.2d 37, wherein we held that §§ 46-12-201, MCA, and 46-17-203, MCA, require the defendant’s actual appearance in court for arraignment. Schneiderhan, 862 P.2d at page 39-40.
JUSTICES GRAY and WEBER concur in the foregoing dissent.