
DA 12-0326

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2013 MT 4N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

SANDRA LEE MURRY,

      Defendant and Appellant.


APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DC 11-56
Honorable James A. Haynes, Presiding Judge


COUNSEL OF RECORD:

      For Appellant:

          Wade Zolynski, Chief Appellate Defender; Nicholas Domitrovich,
Assistant Appellate Defender; Helena, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General; Jonathan M. Krauss,
Assistant Attorney General, Helena, Montana

          William E. Fulbright, Ravalli County Attorney; Angela Wetzsteon,
Deputy County Attorney, Hamilton, Montana


                Submitted on Briefs:  December 19, 2012
                        Decided:   January 8, 2013


Filed:

_____
                      Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Sandra Lee Murry appeals her May 2012 conviction for felony DUI, challenging the District Court's conclusion that her 1997 Washington State conviction properly was included as a predicate offense for purposes of enhancing her current charge to a felony pursuant to § 61-8-731, MCA. We affirm.

¶3 Murry was charged with DUI after a Hamilton City Police Officer stopped her on December 31, 2010, for driving with high beams illuminated and for having an inoperable passenger-side headlight. When the traffic stop developed into a DUI investigation, Murry consented to a preliminary breath test that showed she was under the influence of alcohol. Upon being charged with felony DUI, Murry sought to amend the information to a misdemeanor, which the District Court denied. Murry filed a motion to reconsider, which was denied, and then moved to set aside and reconsider the previous order, which the District Court also denied. Murry pleaded guilty and was sentenced to the custody of the Montana Department of Corrections for a period of thirteen months for placement in an appropriate treatment or correctional facility or program, followed by a five-year consecutive commitment to the Department, suspended with conditions.

¶4 Murry agrees that she was convicted of DUI in Montana in May 2005 and February 2006, and that both of those offenses "count" toward determining whether the 2010 offense should be considered a felony. She claims, however, that there is insufficient evidence to show that her 1997 conviction in Washington State was for DUI rather than a "per se" conviction for operating a motor vehicle with an alcohol concentration in excess of the legal limit. Murry argues that, under Montana's former sentencing scheme in which "per se" offenses were expunged after five years, the Washington conviction cannot be used to support an enhanced felony charge. Section 61-8-722(6) (1993).

¶5 The parties dispute whether the 1993 or 1997 version of Montana's DUI sentencing statutes controls, since Murry's Washington offense was committed in 1994 but, for unknown reasons, she was not convicted and sentenced until 1997. Murry argues that she is entitled to the application of Montana law in effect at the time her offense was committed, under which the "per se" offense should be expunged since she committed no additional offense within the next five years. Unlike the 1993 statutes, there was no BAC expungement statute in effect in 1997. The State therefore argues, citing *State v. Brander*, 280 Mont. 148, 155, 930 P.2d 31, 36 (1996), that the expungement provision does not apply because it was not in effect at the time the conviction was entered.

¶6 We conclude that it is unnecessary to resolve this conflict. Although whether a prior conviction may be used for sentence enhancement generally presents a question of law, a trial court's findings of fact regarding the circumstances of the underlying conviction will be upheld unless they are clearly erroneous. *State v. Hass*, 2011 MT 296,

3

¶ 13, 363 Mont. 8, 265 P.3d 1221. The District Court found, after considering evidence submitted by the parties on Murry's motion to amend the information, that her 1997 Washington State conviction was for DUI, not for a "per se" offense based on her blood alcohol concentration. Murry argued that since Washington law provided for both DUI and "per se" violations under the same code section, the State of Montana had not proven that her 1997 conviction was for DUI and not a "per se" offense. Based on the evidence, however, including in part the Washington court's judgment reflecting that Murry had "refused" a test of her breath or blood, the District Court concluded that Murry was convicted of DUI in the State of Washington in 1997, bringing her prior DUI convictions to three and supporting the felony charge.

¶7     We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The District Court's findings of fact are based on substantial evidence in the record and support its conclusion that Murry's 1997 Washington conviction properly was used to support her felony DUI charge in this case.

¶8     Affirmed.

/S/ Beth Baker

We concur:

/S/ Mike McGrath
/S/ Michael E Wheat
/S/ Patricia O. Cotter
/S/ Jim Rice

4