FILED

May 15 2013

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 12-0727

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 135N

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

RICHARD LEE MATHESON,

       Defendant and Appellant.


APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 2011-348
Honorable Ingrid G. Gustafson, Presiding Judge


COUNSEL OF RECORD:

       For Appellant:

          Brad L. Arndorfer, Arndorfer Law Firm, P.C., Billings, Montana

       For Appellee:

          Timothy C. Fox, Montana Attorney General, Jonathan M. Krauss, Assistant
Attorney General, Helena, Montana

          Scott Twito, Yellowstone County Attorney, Robert S. Spoja, Deputy County
Attorney, Billings, Montana


                 Submitted on Briefs:  April 24, 2013
                          Decided:  May 15, 2013


Filed:


                          Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Appellant Richard Lee Matheson (Matheson) appeals from an order of the District Court for Thirteenth Judicial District, Yellowstone County, that denied his motion to strike a 1991 Alaska conviction that constituted a predicate offense for purposes of enhancement of his DUI to a felony DUI charge pursuant to § 61-8-731, MCA. We affirm.

¶3     The State of Montana (State) charged Matheson with felony DUI based on Matheson's 1991 Alaska conviction and two previous DUI convictions in Montana in 2001 and 2005. Matheson moved to strike the Alaska conviction on the ground that it should be deemed a "BAC" or "per se" DUI conviction, and, therefore, should have been expunged pursuant § 61-8-722 (1993), MCA.

¶4     The State provided documentation of the DUI ordinance from Anchorage, Alaska in effect at the time of Matheson's conviction, the charges filed against him by the state of Alaska, and the judgment entered by the court in Alaska. The District Court denied Matheson's motion on the basis that Matheson had failed to carry his burden to present "affirmative" evidence and that the "ambiguous record" proved insufficient to establish grounds to expunge the Alaska DUI conviction. Matheson entered a guilty plea to felony DUI that preserved for appeal his challenge to the District Court's denial of his motion.

2

¶5 Matheson argues that the Alaska law in effect at the time of his conviction did not distinguish between a charge for driving under the influence and a charge for driving with an excessive BAC. Matheson's entry of a nolo contendre plea relieved the Alaska court from having to make finding as to whether Matheson had been under the influence or simply had a BAC above 0.10. He contends that the Court should apply the rule of lenity as the circumstances do not allow him to establish the basis for his conviction. As a result, Matheson argues that we should interpret § 61-8-722 (1993), MCA, as having expunged his 1991 Alaska conviction. The State counters that Matheson failed to meet his burden to present affirmative evidence that his 1991 Alaska conviction should be considered a BAC conviction.

¶6 We review criminal sentences for legality. *State v. Weldele*, 2003 MT 117, ¶ 34, 315 Mont. 452, 69 P.3d 1162. Whether a prior conviction will be used for sentence enhancement presents a question of law. We review questions of law de novo. *State v. Hass*, 2011 MT 296, ¶ 13, 363 Mont. 8, 265 P.3d 1221. We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2006, that provides for memorandum opinions. It is clear in the face of the briefs and the record before us that the District Court correctly interpreted Montana law, as set forth in *State v. Maine*, 2011 MT 90, ¶ 34, 360 Mont. 182, 255 P.3d 64, when it determined that Matheson had failed to present affirmative evidence that his 1991 Alaska conviction should have been expunged pursuant to § 61-8-722 (1993), MCA, and, therefore, not properly considered as a prior conviction used to enhance his current DUI charge to a felony.

3

¶7     Affirmed.

/S/ BRIAN MORRIS

We Concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ JIM RICE