DA 13-0107

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 275N

STATE OF MONTANA,

        Plaintiff and Appellee,

  v.

BRYAN LEE SIMPSON,

        Defendant and Appellant.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. BDC 2012-64
Honorable Jeffrey M. Sherlock, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          J. Mayo Ashley, Attorney at Law, Helena, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General; Jonathan M. Krauss, Assistant
Attorney General; Helena, Montana

          Leo J. Gallagher, Lewis and Clark County Attorney; Jeff Sealey, Deputy
County Attorney; Helena, Montana

                    Submitted on Briefs:  August 28, 2013
                               Decided:  September 24, 2013

Filed:

                                      Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Bryan Lee Simpson (Simpson) appeals his sentence from the judgment of the First Judicial District Court, Lewis and Clark County. We affirm.

¶3      Simpson was charged with and pled guilty to his fourth charge of driving under the influence (DUI). At sentencing, the District Court considered two previous DUI convictions in Montana wherein Simpson had been tried *in absentia*. Simpson's plea reserved for appeal the District Court's consideration of the previous convictions.

¶4      In both of his contested convictions, Simpson was advised of the procedure for trial *in absentia*. That procedure requires that, "[i]n a misdemeanor case, if the defendant fails to appear in person. . . and if the defendant's counsel is authorized to act on the defendant's behalf, the court shall proceed with the trial unless good cause for continuance exists." Section 46-16-122(1), MCA. Simpson never attended trial for the charges, and was tried in the presence of his attorney, Robert Olson. After hearing evidence presented by witnesses to the incident, Simpson was convicted of the charges. Simpson now argues that the trial *in absentia* may not have been valid, as the record reflects no evidence that he knew of or voluntarily did not appear at those trials.

2

¶5 We review de novo whether a prior conviction may be used for sentence enhancement. *State v. Maine*, 2011 MT 90, ¶ 12, 360 Mont. 182, 255 P.3d 64. A rebuttable presumption of regularity attaches to the District Court's use of a prior conviction for sentence enhancing purposes. *State v. Hass*, 2011 MT 296, ¶ 15, 363 Mont. 8, 265 P.3d 1221. The defendant can only overcome this presumption by showing that his prior conviction was constitutionally infirm by a preponderance of the evidence. *Hass*, ¶ 15. This presumption is not overcome when a defendant simply points to an ambiguous or silent record. *Maine*, ¶ 34.

¶6 The District Court reviewed the trial transcripts in Simpson's prior convictions and found that the Judge there expressly stated "THIS PROCEDURE HAD BEEN EXPLAINED TO DEFENDANT BY THE JUDGE BEFORE HE LEFT SHELBY." Simpson offers no affirmative evidence showing that he was uninformed of procedure or was not represented by counsel, and relies only on ambiguity in the record as to whether he was advised of the trial procedure. This absence of evidence does not affirmatively demonstrate the constitutional infirmity of his prior convictions, so it does not overcome the presumption of regularity in considering these convictions at sentencing. The District Court's findings of fact were supported by substantial evidence and the legal issues are controlled by settled Montana law, which the District Court correctly interpreted.

¶7 We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our Internal Operating Rules, which provides for noncitable memorandum opinions.

¶8     Affirmed.

/S/ MICHAEL E WHEAT


We concur:

/S/ MIKE McGRATH
/S/ BRIAN MORRIS
/S/ BETH BAKER
/S/ LAURIE McKINNON

4